REQUESTED BY: John Hilgert, Director Department of Veterans' Affairs
You have requested our opinion regarding a clarification of the phrase "honorable discharge, or its equivalent" for the purposes of determining eligibility for Nebraska veterans' benefits. Specifically, you ask "shall the Nebraska Department of Veterans' Affairs treat a General Discharge (Under Honorable Conditions) as equivalent to an Honorable Discharge even though they clearly are not identical characterizations?" Our response to your inquiry is set forth below.
 BACKGROUND
Your opinion request letter indicates there are five types of discharges from the United States Armed Forces: (1) honorable discharge; (2) general discharge (under honorable conditions); (3) other than honorable discharge; (4) bad conduct discharge; and (5) dishonorable discharge. The attachment to your opinion request letter, entitled "Benefits at Separation," lists the eligibility for various benefits based on the characterization of the discharge. For example, an individual who receives an honorable discharge is eligible for all available benefits. An individual who receives a general discharge (under honorable conditions) is eligible for the same benefits as an honorable discharge except for those benefits relating to the Montgomery G.I. Bill, educational assistance and civil service retirement credits. For the remaining three characters of discharge (other than honorable, bad conduct and dishonorable), individuals are ineligible for most benefits or their eligibility is subject to a determination by the administering agency, e.g., Department of Veterans Affairs or Social Security Administration.
An honorable discharge and a general discharge (under honorable conditions) are considered administrative discharges. Each is defined in the Department of Defense Directive Number 1332.14 (effective December 21, 1993):
 E3.A2.1.3.2.2.1. Honorable. The Honorable characterization is appropriate when the quality of the member's service generally has met the standards of acceptable conduct and performance of duty for military personnel, or is otherwise so meritorious that any other characterization would be clearly inappropriate. . . .
 E3.A2.1.3.2.2.3. General (under honorable conditions). If a member's service has been honest and faithful, it is appropriate to characterize that service under honorable conditions. Characterization of service as General (under honorable conditions) is warranted when significant negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military conduct or performance of duty. . . .
Army Regulation 635-200 (effective January 19, 2004) also provides definitions of Honorable Discharge and General Discharge (under honorable conditions):
 3-7. (a) Honorable discharge: An honorable discharge is a separation with honor. The honorable characterization is appropriate when the quality of the soldier's service generally has met the standards of acceptable conduct and performance of duty for Army personnel or is otherwise so meritorious that any other characterization would be clearly inappropriate.
3-7. (b) General discharge:
 (1) A general discharge is a separation from the Army under honorable conditions. When authorized, it is issued to a soldier whose military record is satisfactory but not sufficiently meritorious to warrant an honorable discharge.
(Emphasis added.) Clearly, an honorable discharge and general discharge (under honorable conditions) are two separate and distinct administrative discharges. Further there is nothing in either the Department of Defense Directive or the Army Regulations that lists or even suggests that there is an "equivalent" to an honorable discharge.
 LEGISLATIVE HISTORY
The first legislation dealing with veterans benefits appeared in the 1921 Session Laws. Chapter 40 (House Roll No. 415) authorized the Board of Educational Lands and Funds to purchase bonds for the purpose of creating a fund to be used for the care and relief of discharged military personnel:
The interest accumulations of the fund so held in trust . . . shall be paid to the treasurer of some organization admitting to its membership all soldiers, sailors, marines and nurses who entered any branch of the world service of the United States or her allies during the period of said war and who have been honorably discharged therefrom. . . . (Emphasis added.)
It was not until the conclusion of World War II, however, that the language "or its equivalent" was added:
 The interest, including accumulations, of the fund so held in trust, or so much thereof as shall be found necessary to carry out the purposes stated in section 80-403, as amended, shall be paid to the treasurer of some organization admitting to its membership all honorably discharged, or its equivalent, resident veterans of World War I or World War II, including citizens of the United States who served with allied forces.
(1945 Neb. Laws LB 115, § 1, codified at § 80-401 (emphasis added).) The scant legislative history from 1945 provides us little guidance as to why "or its equivalent" was added to the statute. It may be because the statute refers to U.S. citizens "who served with allied forces," thereby making it necessary to include language relating to "honorable discharges" given by our nation's allied forces. Or it may be that the Legislature wanted to ensure that veterans would retain their eligibility for benefits in the event the term "honorable discharge" was ever changed.
The statute you cite in your opinion request letter, Neb. Rev. Stat. § 80-401.01 (2003), was initially enacted in 1947. From its inception, § 80-401.01 carried over the "or its equivalent" language from § 80-401 in defining eligible veterans. Over the past 57 years, the statute has been amended to include the veterans of the Spanish-American War, the Korean War, the Vietnam War and the Persian Gulf War. It was also amended to include veterans who served in Lebanon, Grenada, and Panama. Each addition referred to a service member in a particular war or conflict who had received an "honorable discharge, or its equivalent," e.g., § 80-401.01(4):
 (4) Veteran of World War II means a person who served on active duty in the armed forces of the United States between December 7, 1941, and December 31, 1946, and who received an honorable discharge, or its equivalent, from such service or who, being a citizen of the United States at the time of his or her entry into such service, served with the military forces of any government allied with the United States in that war and who received an honorable discharge, or its equivalent, from such service.
In addition to the defined terms in Neb. Rev. Stat. § 80-401.01, Neb. Rev. Stat. § 80-401.03 expressly defines "veteran" for the purposes of who may apply for funding from the Nebraska Veterans' Aid Fund:
 The Director of Veterans' Affairs shall be responsible for the administration of the income funds from the Nebraska Veterans' Aid Fund for the aid of needy veterans and their dependents. For purposes of this section, veteran means any person who served on active duty in the armed forces of the United States, other than active duty for training, who received an honorable discharge, or its equivalent, from such service or who, being a citizen of the United States at the time of his or her entry into such service, served with the military forces of any government allied with the United States in a period of conflict pursuant to section 80-401.01 and who received an honorable discharge, or its equivalent, from such service. . . .
 ANALYSIS
Sections 80-401.01 and 80-401.03 are silent with respect to what exactly constitutes the "equivalent" of an honorable discharge. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. In re Application of City of Grand Island, 247 Neb. 446, 527 N.W.2d 864 (1995). Black's Law Dictionary p. 445 (7th Edition 2000) defines "equivalent" as: "1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical." As previously stated, we have found nothing that would operate as an "equivalent" to an honorable discharge. On the contrary, our research indicates that an honorable discharge stands alone as the highest level of discharge in a list of descending separations from service. We believe that an honorable discharge and a general discharge (under honorable conditions) are not "equal in value, force, amount, effect, or significance." As noted above, nothing would change that in legislative history.
You have indicated that there is widespread practice within your department and the County Veterans Service Offices to treat a general discharge (under honorable conditions) the same as an honorable discharge, particularly for the purposes of determining a veteran's eligibility to receive a disbursement from the Nebraska Veterans' Aid Fund. In Nebraska, it is true that the administrative interpretation of a statute by an administrative department is given considerable weight, but not if the interpretation is clearly wrong. See International Brotherhood of Electrical Workers, Local Union No. 507 v. City of Hastings,179 Neb. 455, 459, 138 N.W.2d 822, 825 (1965); Cox Cable of Omaha, Inc. v. Nebraska Department of Revenue, 254 Neb. 598, 578 N.W.2d 423 (1998); and Metropolitan Utilities District of Omaha v. Balka, 252 Neb. 172,560 N.W.2d 795 (1997). We believe that the practice of treating a general discharge (under honorable conditions) as the equivalent to an honorable discharge is clearly wrong, and should be discontinued.
 CONCLUSION
Based on the foregoing, we believe that there is no equivalent to an honorable discharge, and therefore that characterization of service should not be compromised by including a general discharge (under honorable conditions) as its equivalent when determining veterans' eligibility for Nebraska benefits.
Sincerely,
 JON BRUNING Attorney General
 Leslie S. Donley Assistant Attorney General
Approved:
________________________ Attorney General